IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2008 |
| | ) | |
| BOARD OF EDUCATION OF THE BRADFORD SPECIAL SCHOOL DISTRICT, | ) ) ) | |
| | ) | |
| BOARD OF EDUCATION OF THE GIBSON SPECIAL SCHOOL DISTRICT, | ) ) | |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF HUMBOLDT, | ) ) | |
| | ) | |
| BOARD OF EDUCATION OF THE MILAN SPECIAL SCHOOL DISTRICT, | ) ) | |
| | ) | |
| BOARD OF EDUCATION OF THE TRENTON SPECIAL SCHOOL DISTRICT, | ) ) ) | |
| | ) | |
| Defendants | ) | |

ORDER REQUIRING FURTHER BRIEFING

The Board of Education of the City of Humboldt filed an application for declaratory judgment on August 30, 2005, and an amended application for declaratory judgment on September 9, 2005. In the amended application, Humboldt asks the Court to declare its rights and duties under a desegregation plan approved in this case on August 19, 1970.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  11-09-05

Specifically, Humboldt asks the Court to establish attendance boundary lines in Gibson County that are consistent with the 1970 desegregation order and the further orders of the Court. On October 5, 2005, the Board of Education of the Gibson Special School District filed a memorandum in opposition to Humboldt's application. The Board of Education of the Milan Special School District filed a response asserting that Humboldt is not entitled to the relief sought, and the United States has filed a response taking no position on whether Humboldt is entitled to relief.

Humboldt asserts that the desegregation plan approved by the Court in August 1970 established certain attendance zones for schools within the Humboldt City School District that extended outside the city limits into Gibson County; these were designated zone 1a, zone 2a and zone 3a. Humboldt contends that these attendance zones have not been removed or amended by any order of this Court since they originally were drawn. Humboldt contends that because the Bradford, Trenton and Gibson Special School Districts also now serve students in zones 1a, 2a and 3a, "it has become unclear which students are required to attend Defendant Humboldt's schools and which students are required to attend schools operated by the Bradford, Trenton and Gibson Special School Districts." (Amended App. for Decl. Judgment, at 4-5.) Humboldt also asserts that the desegregation plan's transfer provisions have an affect on this issue.

Humboldt is mistaken in asserting that zones 1a, 2a and 3a have not been removed or amended since their creation. In 1995, the parties entered into a Consent Decree in which

2

it is stated:

> The attendance pattern embodied in this Order, a "System-wide Grade Span" plan, will dissolve the current attendance zones and assign all students in kindergarten, first and second grade to attend the East End Elementary School facility and all students in third and fourth grade to attend the Main Street Elementary School facility. . . . Kindergarten through fourth grade are the last grades in the School System to be assigned according to the System-wide Grade Span model, so that, once this Order is implemented, all students in the School System in a given grade will attend the same school.
> . . . .
> . . . <u>Accordingly, there will be no zone lines or attendance zones inside the Humboldt City School System.</u>

(Consent Decree, at 1-3, July 31, 1995 (emphasis added).) On July 27, 2004, the parties entered into a Consent Decree authorizing the closure of the Main Street Elementary School; the Decree noted that the Humboldt City School District continued to use the system-wide grade span model. Thus, there have been no attendance zone lines within the Humboldt City School District since 1995.

In 1975, the Trenton Special School District was established by Private Act of the Tennessee General Assembly, operating separately from the Gibson County School District. The Bradford Special School District was created in 1977; the Gibson Special School District was created in 1981. Each of these Special School Districts serves a geographical area that was once served by the Gibson County School District. The boundaries of the Special School Districts are defined in the Private Acts by which they were created. The Bradford, Trenton and Gibson Special School Districts have each acknowledged and stipulated that they are subject to the desegregation orders entered in this case against their

3

predecessor, the Gibson County School District. (Consent Order,[1] at 3, Jan. 11, 2005.)

As this Court approved the removal of all attendance zones within the Humboldt City School District in 1995, and as the attendance boundaries of the Bradford, Trenton and Gibson Special School Districts have been established by state law, Humboldt's assertion that "it is now unclear" which students in former zones 1a, 2a and 3a should attend Humboldt City Schools and which students in those areas should attend schools in the Special School Districts is insufficient to justify the relief sought. Accordingly, Humboldt is hereby ORDERED to submit, within thirty days after the entry of this order, a supplemental memorandum setting forth with particularity the reasons why the attendance boundaries of the various school districts in Gibson County should not be considered sufficiently established. Any other party desiring to file a response to Humboldt's supplemental memorandum shall also have thirty days in which to do so.

IT IS SO ORDERED this 3rd day of November, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The purpose of the Consent Order entered into by the parties on January 11, 2005 was to resolve concerns of the U.S. Department of Justice regarding the inter-district student transfer policies of the Humboldt Bradford, Trenton, Gibson and Milan School Districts. Each District was ordered to develop, for implementation in the 2005-06 school year, a student transfer policy that was consistent with specified guidelines and the prior orders in this case.

Humboldt's original Application for Declaratory Judgment, filed August 30, 2005, asked the Court to establish not only attendance boundary lines, but a standard student transfer policy for all the school districts operating in Gibson County. However, the latter request was deleted from the Amended Application for Declaratory Judgment filed September 9, 2005.

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:70-CV-02008 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

USA
,

Valerie B. Speakman
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

William Rhee
US Dept. of Justice
950 Pennsylvania Ave., NW
Patrick Henry Bldg., STe. 4300
Washington, DC 20530

L. Lee Harrell
HARRELL & HARRELL
110 Northwest Court Sq.
Trenton, TN 38382

Javier M. Guzman
US Dept. of Justice
950 Pennsylvania Ave., NW
Patrick Henry Bldg., Ste. 4300
Washington, DC 20530

Charles Wayne Cagle
LEWIS KING KRIEG & WALDROP, PC
201 4th Avenue North
Ste. 1500
Nashville, TN 37219

W. Collins Bonds
KIZER BONDS CROCKER & HUGHES
P.O. Box 320
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT