IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> BOARD OF EDUCATION OF THE ) <br> BRADFORD SPECIAL SCHOOL ) <br> DISTRICT, ) <br> ) <br> BOARD OF EDUCATION OF THE ) <br> GIBSON SPECIAL SCHOOL DISTRICT, ) <br> ) <br> BOARD OF EDUCATION OF THE ) <br> CITY OF HUMBOLDT, ) <br> ) <br> BOARD OF EDUCATION OF THE ) <br> MILAN SPECIAL SCHOOL DISTRICT, ) <br> ) <br> BOARD OF EDUCATION OF THE ) <br> TRENTON SPECIAL SCHOOL ) <br> DISTRICT, ) <br> ) <br> Defendants ) | No. 70-2008-T |

ORDER REQUIRING SUPPLEMENTAL BRIEFING

The City of Humboldt Board of Education ("CHBE") filed an amended application for declaratory judgment on September 9, 2005. The CHBE has asked the Court to declare certain rights and duties under a desegregation plan approved on August 19, 1970. Specifically, the CHBE requests that the Court establish attendance boundary lines in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  12-28-05

Gibson County that are consistent with the 1970 desegregation order and the further orders of the Court. Responses to the amended application were filed by the Gibson County Special School District ("GCSSD"), the Milan Special School District and the United States Department of Justice ("DOJ").

On November 4, 2005, the Court issued an order requiring the CHBE to submit a supplemental brief within thirty days, setting forth its position with more particularity; the CHBE did so on December 2, 2005. Also on December 2, 2005, the City of Humboldt ("City") filed a motion to intervene in the action. The GCSSD and the DOJ have filed responses to the motion to intervene.

The City seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively, that it be granted permissive intervention under Rule 24(b)(2). Rule 24 provides, in pertinent part, as follows:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
> **(b) Permissive intervention.** Upon timely application anyone may be permitted to intervene is an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .
> **(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In the motion to intervene, the City states that it seeks intervention for the purpose of protecting its interests and filing a response to the Court's November 4 order. The interest asserted in the motion is that the City is the source of funding for the Humboldt School District, and that the number of students from impoverished backgrounds in the Humboldt School District has increased since the creation of the GCSSD. Thus, the City contends that a ruling on the issue of attendance boundary lines will affect the allocation of City funds.

The City does not indicate in its motion whether it seeks intervention as a plaintiff or as a defendant, and has filed no proposed pleading specifically setting out its "claim or defense" as required by Rule 24(c). Thus, the Court cannot determine, at this time, whether the City has standing to intervene. As noted by the GCSSD, the City has been the source of funding for the Humboldt School District from the inception of this case. The CHBE has adequately protected the interests of the City up to this point, and the City has articulated no reason in its motion to intervene why the CHBE cannot continue to do so. In addition, the interest of the public is adequately protected by the DOJ.

If, as the City asserts, it does in fact have an interest that is separate from that of the CHBE, the timeliness of the motion to intervene must also be considered. If such a separate interest exists, the City has not explained why intervention is necessary only now, after thirty-five years.

The City is hereby ORDERED to file, within twenty days after the entry of this order, a supplemental memorandum setting out in further detail the basis for seeking intervention in this action. The memorandum must include a statement of whether the City seeks to intervene as a plaintiff or as a defendant and must explain why the City has standing to intervene. In addition, the memorandum must explain specifically how the City's interests differ from the interests of the CHBE, if at all, and why those interests cannot be adequately protected by the CHBE.

Any party wishing to respond to the City's supplemental memorandum shall have an additional twenty days in which to do so.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

21st December 2005
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:70-CV-02008 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

W. Collins Bonds
KIZER BONDS CROCKER & HUGHES
P.O. Box 320
Milan, TN 38358

L. Lee Harrell
HARRELL & HARRELL
110 Northwest Court Sq.
Trenton, TN 38382

Javier M. Guzman
US Dept. of Justice
950 Pennsylvania Ave., NW
Patrick Henry Bldg., Ste. 4300
Washington, DC 20530

Charles Wayne Cagle
LEWIS KING KRIEG & WALDROP, PC
201 4th Avenue North
Ste. 1500
Nashville, TN 37219

Valerie B. Speakman
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

William Rhee
US Dept. of Justice
950 Pennsylvania Ave., NW
Patrick Henry Bldg., STe. 4300
Washington, DC 20530

Lewis Donelson
HEISKELL DONELSON BEARMAN ADAMS WILLIAMS & KIRSCH
165 Madison Avenue
Ste. 2000
Memphis, TN 38103

Dwight C. Hawks
LAW OFFICES OF C. DWIGHT HAWKS
P.O. Box 630
Humboldt, TN 38343


Honorable James Todd
US DISTRICT COURT